UNITED STATES, Appellee

v.

Patrick M. LEONARD Jr., Airman First Class
U.S. Air Force, Appellant

No. 06-0615

Crim. App. No. 35740

United States Court of Appeals for the Armed Forces

Argued January 9, 2007

Decided March 20, 2007

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and ERDMANN and STUCKY, JJ., joined. BAKER, J., filed a separate opinion concurring in part and in the result.


Counsel


For Appellant: Frank J. Spinner, Esq. (argued); Lieutenant Colonel Mark R. Strickland and Major Anniece Barber (on brief).


For Appellee: Captain Jefferson E. McBride (argued); Colonel Gerald R. Bruce and Lieutenant Colonel Robert V. Combs (on brief).


Military Judge: R. Scott Howard


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Leonard Jr., No. 06-0615/AF

Judge RYAN delivered the opinion of the Court.

This case presents the question whether the maximum punishment for an offense charged under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), clauses 1 and 2, and not otherwise listed in the Manual for Courts-Martial, United States pt. IV, paras. 60-113 (2005 ed.) (MCM), may be determined by reference to the maximum punishment for violation of a federal statute that proscribes and criminalizes the same criminal conduct and mental state included in the specification.  Answering that question in the affirmative, we hold that the military judge's calculation of the maximum punishment in this case was correct and affirm the decision of the court below.

## A.  Background

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his plea, of wrongfully and knowingly receiving visual depictions of minors engaging in sexually explicit conduct, which conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces in violation of Article 134, UCMJ.  During the providence inquiry, Appellant admitted that he wrongfully and knowingly received from the Internet, and downloaded onto his home computer in South Dakota, visual depictions of actual minors engaging in sexually explicit conduct.  Prior to

2

sentencing, the military judge, trial counsel, and defense counsel agreed that the maximum term of imprisonment for Appellant's offense was fifteen years.  In determining the maximum sentence for Appellant's offense, the trial counsel referenced the maximum sentence for the analogous federal statute, 18 U.S.C. § 2252(a)(2) (2000).  This statute prohibits, inter alia, the knowing receipt of any visual depiction, transported in interstate or foreign commerce by any means, of a minor engaging in sexually explicit conduct.  At the time of the offense, the maximum term of imprisonment for a violation of 18 U.S.C. § 2252(a)(2) was fifteen years.  18 U.S.C. § 2252(b)(1) (amended Apr. 30, 2003).

The sentence adjudged by the court-martial included a dishonorable discharge, confinement for forty-five months, and reduction to E-1.  The convening authority approved the findings and the sentence.  The United States Air Force Court of Criminal Appeals affirmed.  United States v. Leonard, No. ACM 35740, 2006 CCA LEXIS 74, at *5, 2006 WL 888157, at *1 (A.F. Ct. Crim. App. Mar. 21, 2006) (unpublished).

We granted review of the following specified issues:

I. WHETHER THE MILITARY JUDGE ERRED IN CALCULATING THE MAXIMUM PUNISHMENT AND, IF SO, WHETHER APPELLANT'S PLEA WAS IMPROVIDENT BECAUSE IT WAS BASED UPON A SUBSTANTIAL MISUNDERSTANDING OF THE MAXIMUM PUNISHMENT.

United States v. Leonard Jr., No. 06-0615/AF

II.   WHETHER APPELLANT'S TRIAL DEFENSE COUNSEL
      MISAPPREHENDED THE MAXIMUM PUNISHMENT AND, IF SO,
      WHETHER APPELLANT WAS DEPRIVED OF HIS RIGHT TO
      EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE
      COUNSEL'S ADVICE WAS BASED UPON AN ERRONEOUS
      CALCULATION OF THE MAXIMUM PUNISHMENT.

United States v. Leonard, 64 M.J. 184 (C.A.A.F. 2006).

## B.  Discussion

### 1.

"Article 134 makes punishable acts in three categories of offenses not specifically covered in any other article of the code."  MCM pt. IV, para. 60.c.(1).  Those categories are separated into three clauses.  Clause 1 prohibits conduct "to the prejudice of good order and discipline in the armed forces." Id.  Clause 2 prohibits "conduct of a nature to bring discredit upon the armed forces."  Id.  Clause 3 covers "noncapital crimes or offenses which violate Federal law."  Id.  When the decision is made to charge the offense under clause 3, "the proof must establish every element of the crime or offense as required by the applicable law."  Id. at para. 60.b.  But when the offense is charged under clauses 1 or 2, the specification need only allege "[t]hat the accused did or failed to do certain acts[,]" id. at para. 60.b.(1), and "[t]hat, under the circumstances, the accused's conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces" respectively.  Id. at para.

4

60.b.(2).  The MCM states no preference as to which clause of Article 134, UCMJ, must be used in a particular case.  In this case, the Government elected to charge the wrongful and knowing receipt of visual depictions of minors engaged in sexually explicit activity as violations of clauses 1 or 2.

On appeal, Appellant argues that the military judge erred in referencing the term of imprisonment authorized for a violation of 18 U.S.C. § 2252(a)(2).[1]  Appellant correctly notes that an element of the offense set forth in 18 U.S.C. § 2252(a)(2) is that the visual depictions of children engaged in sexually explicit activity were received through a medium of interstate or foreign commerce.  See United States v. Corp, 236 F.3d 325, 333 (6th Cir. 2001) (reversing the appellant's conviction under 18 U.S.C. § 2252 due to an insufficient nexus with interstate commerce).  Appellant asserts that, because this interstate or foreign commerce element was missing from the specification in this case, it was improper for the military judge to look to 18 U.S.C. § 2252(a)(2) to establish the maximum punishment for Appellant's offense.

---

[1] Appellant also argues that the military judge should have advised him that the maximum punishment for his offense was that established under federal law for a violation of 18 U.S.C. § 2252(a)(4), which was five years at the time of his offense.  18 U.S.C. § 2252(b)(2) (amended Apr. 30, 2003).  But that subsection of the statute, which criminalizes the knowing possession of child pornography, requires the same jurisdictional element as a violation of 18 U.S.C. § 2252(a)(2).

United States v. Leonard Jr., No. 06-0615/AF

While this federal jurisdictional element was not charged in the specification, neither clause 1 nor clause 2 requires that a specification exactly match the elements of conduct proscribed by federal law. United States v. Jones, 20 M.J. 38, 40 (C.M.A. 1985) ("'[f]ederal [crimes] may be properly tried as offenses under clause (3) of Article 134, but . . . if the facts do not prove every element of the crime set out in the criminal statutes, yet meet the requirements of clause (1) or (2), they may be alleged, prosecuted and established under one of those [clauses]'" (quoting United States v. Long, 2 C.M.A. 60, 65, 6 C.M.R. 60, 65 (1952))).

Exercising his Article 56, UCMJ, 10 U.S.C. § 856 (2000) responsibilities, the President has published the maximum punishment for some offenses punishable under Article 134, UCMJ. The question remains what the maximum permissible punishment is for the offense of knowing receipt of visual depictions of minors engaged in sexually explicit activity, which conduct is prejudicial to good order and discipline or of a nature to bring discredit on the armed forces. While the President has published the maximum punishment for some offenses punishable under Article 134, UCMJ, see MCM pt. IV, paras. 61-113, the MCM itself does not list Appellant's offense, nor is it included in or closely related to any offense therein. See Rule for Courts-Martial (R.C.M.) 1003(c)(1)(B)(ii).

We observe that the "closely related" language in R.C.M. 1003(c)(1)(B)(ii) refers to offenses that are closely related to offenses listed in the MCM. And, while R.C.M. 1003(c)(1)(B)(ii) provides that an offense "is punishable as authorized by the United States Code, or as authorized by the custom of the service," there is at least a question whether the United States Code could authorize punishment absent the jurisdictional element, which provides the clear textual nexus to interstate commerce. See, e.g., United States v. Morrison, 529 U.S. 598, 613 (2000); United States v. Lopez, 514 U.S. 549, 567 (1995). Similarly, how Appellant's offense would be punished "as authorized by the custom of the service," R.C.M. 1003(c)(1)(B)(ii), is at best an open question: the proliferation of the receipt of visual depictions of minors engaged in sexually explicit conduct by military members is a relatively recent, albeit pernicious, development.

But we need not grapple with these points in order to decide the question in this case, because clear direction is provided by the UCMJ. Article 134, UCMJ, which applies only to conduct "not specifically mentioned" under the UCMJ, specifically provides that an accused "shall be punished at the discretion of [the] court." While a court's discretion is bounded both where specific direction is given under R.C.M. 1003(c) and by the limitations established by the President

pursuant to Article 56, UCMJ, R.C.M. 1003(c) does not give specific direction here, and no maximum punishment has been set by the President for the offense set forth in the specification.

## 2.

We have looked before at the maximum sentence for offenses charged under clauses 1 or 2 of Article 134, UCMJ, that include the conduct and mens rea proscribed by directly analogous federal criminal statutes.  In doing so, we focused on whether the offense as charged is "essentially the same," as that proscribed by the federal statute.  United States v. Jackson, 17 C.M.A. 580, 583, 38 C.M.R. 378, 381 (1968); see also United States v. Williams, 17 M.J. 207, 216-17 (C.M.A. 1984) (upholding sentence for kidnapping under clauses 1 or 2 by referencing the maximum sentence for a violation of the federal kidnapping statute).  The military judge did not err by referencing a directly analogous federal statute to identify the maximum punishment in this case, when every element of the federal crime, except the jurisdictional element, was included in the specification.

## 3.

At argument, Appellant suggested that allowing reference to federal statutory maximums to determine the sentence for analogous conduct charged under clauses 1 or 2 would permit too much latitude, allowing the government to avoid charging and

proving critical elements necessary for conviction under clause 3.  We do not hold that the government may avoid charging and proving elements setting forth the gravamen of the offense under federal law, yet still avail itself of the federal statutory maximum.  And that is not this case.  The criminal conduct and mens rea set forth in the specification satisfy the requirements of clauses 1 and 2 of Article 134, UCMJ, and describe the gravamen of the offense proscribed by 18 U.S.C. 2252(a)(2), for which the maximum sentence is fifteen years.

## C.  Conclusion

We hold that the military judge did not err in advising the Appellant that the maximum sentence for the offense charged was fifteen years.  Therefore, we answer the specified Issue I in the negative, making Issue II moot.  The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Leonard Jr., No. 06-0615/AF

BAKER, Judge (concurring in part and in the result):

The question presented is whether the military judge referenced the appropriate offense "punishable as authorized by the United States Code" under Rule for Courts-Martial (R.C.M.) 1003(c)(1)(B)(ii) to set Appellant's maximum sentence. Appellant asserts that the military judge used the wrong federal statute, because his conduct was better described as possession under 18 U.S.C. § 2252(a)(4) rather than receipt under 18 U.S.C. § 2252(a)(2). Appellant also argues that § 2252(a)(2) is not an analogous statute under the United States Code because the statute includes an "interstate or foreign commerce" element. This argument is made in the alternative, because § 2252(a)(4), which Appellant argues the military judge should have applied, also contains this same jurisdictional requirement.

The predicate statutory language is found in Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000): "Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces . . . shall be punished at the discretion of [the] court." However, this language must be read in light of the President's adoption of R.C.M. 1003(c)(1)(B). This procedural rule is intended to delimit the exercise of discretion by courts-martial in adjudicating punishment for

United States v. Leonard Jr., No. 06-0615/AF

offenses "not listed in Part IV" of the Manual for Courts-Martial, United States (MCM) "and not included in or closely related to any offense listed therein."[1]  R.C.M. 1003(c)(i)(B)(ii).

Thus, the applicable principle is not just "the discretion of [the] court," which is open-ended, but also R.C.M. 1003(c)(1)(B).  In this case, the offense of which Appellant stands convicted is neither listed in the MCM nor is it included in or closely related to an offense listed.  Thus, Appellant's offense "is punishable as authorized by the United States Code." This is consistent with military practice and this Court's precedent as well.  United States v. Williams, 17 M.J. 207, 216-17 (C.M.A. 1984); United States v. Jackson, 17 C.M.A. 580, 583 38 C.M.R. 378, 381 (1968).

As a result, where R.C.M. 1003(c)(1)(B) applies, military judges are constrained to look for an analogous offense in the United States Code, if any, in setting the maximum punishment. The military judge did so in this case.  Appellant's offense is indeed analogous to the United States Code section used by the military judge; the offenses in question are essentially the same.  Appellant was convicted of "wrongfully and knowingly

_____

[1] The majority relies alone on the "discretion of [the] court" language of Article 134, UCMJ, in holding that the military judge did not abuse his discretion in applying an analogous federal statute.  But it is not clear where this discretion ultimately ends.

2

United States v. Leonard Jr., No. 06-0615/AF

receiv[ing] visual depictions of minors engaging in sexually explicit conduct."  In downloading these images Appellant both received and possessed child pornography.  See United States v. Kuchinski, 469 F.3d 853, 861 (9th Cir. 2006); United States v. MacEwan, 445 F.3d 237, 241 (3d Cir. 2006).  Thus, it was appropriate for the military judge to look to 18 U.S.C. § 2522(a)(2) to determine the maximum penalty.  Further, the requirement in § 2522(a)(2) that the activity occur in "interstate or foreign commerce" is a jurisdictional rather than a substantive requirement intended to reflect Congress's authority to legislate.  Therefore, it is inherently not an applicable element of the analogous offense in the military context.