UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant ALEXIS PEREZ-GOMEZ
 United States Army, Appellant

 ARMY 20080336

 82nd Airborne Division and Fort Bragg
 Patrick J. Parrish, Military Judge
 Lieutenant Colonel William A. Schmittel, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Lieutenant Colonel Norman R.
Zamboni, JA.

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

 7 October 2008

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of violating a lawful general order,
possession of child pornography, and receipt and distribution of child
pornography, in violation of Articles 92 and 134 of the Uniform Code of
Military Justice, 10 U.S.C. §§ 892 and 934 [hereinafter UCMJ]. The
military judge sentenced appellant to a bad-conduct discharge, confinement
for thirty months, and reduction to Private E1. Pursuant to a pretrial
agreement, the convening authority only approved fifteen months of the
sentence to confinement, but otherwise approved the adjudged sentence.
Appellate defense counsel submitted the case for appellate review on its
merits.

 Upon review of the case before us under Article 66, UCMJ, we hold the
military judge improperly found appellant guilty of possession of child
pornography. Accordingly, we set aside and dismiss Specification 2 of
Charge II. Furthermore, because the transportation of child pornography in
interstate or foreign commerce is not an element of receipt and
distribution of child pornography under Clause 1 or Clause 2 of Article
134, UCMJ,[1] the military judge provided an incorrect definition of the
term “foreign commerce”,[2] and appellant could not articulate how the
child pornography he received and distributed was transported in either
interstate or foreign commerce, we amend the remaining specification of
Charge II by deleting the words “that had been transported in interstate
commerce or foreign commerce,” and affirm the amended specification.

 During June and July 2007, appellant used a peer-to-peer network to
seek out and download child pornography to a government computer while
deployed in Afghanistan. At trial, appellant pled guilty to one
specification of possessing child pornography and one specification of
receiving and distributing child pornography. During the providence
inquiry, appellant admitted the child pornography he possessed was
identical to the child pornography he received and distributed. Based upon
appellant’s admissions, the military judge asked counsel if Specification 1
of Charge II (receipt and distribution of child pornography) and
Specification 2 of Charge II (possession of child pornography) were
multiplicious. After a brief discussion, the government conceded “all
three acts were done simultaneously” and there was “no argument against
saying [the specifications were] not multiplicious.” The military judge
then inquired, “So you’re conceding that Specification 1 and 2 of Charge II
are multiplicious?” Trial counsel responded, “Yes, Your Honor” and the
military judge replied “Okay. Very well.”

 Later, the military judge asked trial counsel about the maximum
authorized punishment for the offenses to which appellant pled guilty,
given the government’s concession that “Specifications 1 and 2 under Charge
II [were] multiplicious.” Trial counsel explained the maximum authorized
punishment included 22 years confinement.[3] Civilian defense counsel and
the military judge agreed. The military judge, however, ultimately found
appellant guilty of both Specification 1 and Specification 2 of Charge II.

 Multiplicity is a constitutional violation of the Double Jeopardy
Clause, and occurs when, contrary to the intent of Congress, a court
“‘imposes multiple convictions and punishments under different statutes for
the same act or course of conduct.’” United States v. Paxton, 64 M.J. 484,
490 (C.A.A.F. 2007)(quoting United States v. Teters, 37 M.J. 370, 373
(C.M.A. 1993)). Specifications are multiplicious for findings if each
alleges the same offense, if one offense is necessarily included in the
other, or if they describe substantially the same misconduct in two
different ways. Rule for Courts-Martial 907(b)(3)(B) discussion.

 In this case, the military judge accepted the government’s concession
that the specification alleging possession of child pornography
(Specification 2 of Charge II) was multiplicious with the specification
alleging receipt and distribution of child pornography (Specification 1 of
Charge II).[4] Consequently, one specification must be dismissed. See,
e.g., United States v. Marko, 60 M.J. 421 (C.A.A.F. 2004). Under the
facts of this case, and given the agreed upon computation of the maximum
authorized sentence included 22 years confinement, it is clear the military
judge intended to dismiss the possession of child pornography
specification.

 The finding of guilty of Specification 2 of Charge II is set aside and
Specification 2 of Charge II is dismissed. The court affirms only so much
of the finding of guilty of Specification 1 of Charge II as finds that the
appellant did, at or near Bagram Airfield, Afghanistan, on divers occasions
between on or about 1 June 2007 and on or about 18 July 2007, wrongfully
and knowingly receive and distribute material that contained child
pornography, by computer, this conduct being prejudicial to good order and
discipline in the armed forces or of a nature to bring discredit upon the
armed forces. The remaining findings of guilty are affirmed. Reassessing
the sentence on the basis of the modified findings, the entire record, and
in accordance with the principles of United States v. Sales, 22 M.J. 305
(C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to
include the factors identified by Judge Baker in his concurring opinion,
the sentence is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] “[N]either clause 1 nor clause 2 requires that a specification exactly
match the elements of conduct proscribed by federal law.” United States v.
Leonard, 64 M.J. 381, 383 (C.A.A.F. 2007) (citing United States v. Jones,
20 M.J. 38, 40 (C.M.A. 1985)).

[2] The military judge defined “foreign commerce” as commerce “between
countries.” The phrase “foreign commerce,” however, means commerce
between the United States and a foreign nation. See United States v.
Martens, 59 M.J. 501, 504 (A.F.C.C.A. 2003) (citing 18 U.S.C. § 10; Gibbons
v. Ogden, 22 U.S. (9 Wheat.) 1, 193, 6 L. Ed. 23 (1824).

[3] The maximum authorized sentence to confinement for violation of a
general order is two years. MCM, Part IV, para. 16(e). The maximum
authorized sentence to confinement for receipt and distribution of child
pornography under the analogous federal statute, 18 U.S.C. 2252A(a)(2), is
20 years. See generally Leonard, 64 M.J. at 381. Although not included in
the computation of the maximum punishment in this case, the maximum
authorized sentence to confinement for possession of child pornography
under U.S.C. 2252A(a)(5) is 10 years.
[4] We express no view on the validity of the government’s concession or
the military judge’s acceptance of the concession.