# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DENNIS Q. GIEBLER**
**United States Army, Appellant**

ARMY 20100842

Headquarters, 21st Theater Sustainment Command
Christopher T. Fredrikson, Military Judge
Colonel Claes H. Lewenhaupt, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Jennifer A. Parker, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Bradley Endicott, JA (on brief).

21 December 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification each of possessing and receiving child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for eighteen months. Pursuant to a pretrial agreement, the convening authority reduced the sentence to confinement to fifteen months and approved the remainder of the sentence.[*]

Upon review of the case before us under Article 66, UCMJ, we hold that the military judge failed to elicit a sufficient factual basis for appellant's use of foreign commerce in receiving child pornography. However, it is unnecessary in the first

---

[*] At action, the convening authority waived appellant's automatic forfeitures for six months for the benefit of appellant's dependents. *See* UCMJ art. 58b.

instance to establish such a factual basis where the offense is charged as a violation of Clauses 1 and 2 of Article 134, UCMJ. *See United States v. Leonard*, 64 M.J. 381, 383 (C.A.A.F. 2007). We will therefore amend the receiving child pornography specification by deleting the words "that had been in foreign commerce."

Accordingly, the court affirms only so much of the finding of guilty of Specification 2 of the Charge as finds that appellant "U.S. Army, did at or near Rustamyu, Iraq, Columbus, Georgia, and Kaiserslautern, Germany, between on or about 1 March 2007 and 28 February 2009, knowingly and wrongfully receive child pornography as defined in 18 U.S.C. § 2256(8), including: 1017.JPG, $$ (171).jpg, -0 0!!!!!!~3a.jpg, MELODY1(1)(1)(1).jpg, 036ACDB.JPG, giving head.jpg, 7 girl and dad.jpg, 211.JPG, (Ptsc) 11yo Blonde Girl And Cat On Sofa.mpg, 13yo brother fucks 11yo sisterucks 11yo sister Gets Cum In Face…kiddy.mpg, Kimmy – O New.mpg, Pthc – Reel Kiddie mother and 2 daughter 9yo+ 14yo threesome – Tvg 13 r ygold hussyfan pthc fet.mpg, by downloading to a computer one or more images and video files of child pornography, which conduct was prejudicial to good order and discipline and likely to bring discredit upon the armed forces." The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court