RYAN, Judge
(dissenting):
I concur with Senior Judge Effron’s dissent. I write separately to point out the additional, constitutional infirmity with the Charge and specifications in this case raised by the vast disparity between the maximum sentences authorized for actual and virtual child pornography offenses at the time of Appellant’s court-martial.
I am well familiar with the holdings in both United States v. Leonard, 64 M.J. 381, 384 (C.A.A.F.2007), and United States v. Beaty, 70 M.J. 39, 41 (C.A.A.F.2011). Leonard still accurately stands for the general proposition that where a specification adequately alleges *150 the same conduct and mens rea as a directly analogous federal statute, except for the jurisdictional element, the offense may be punished as authorized by the United States Code. 64 M.J. at 384; Rule for Courts-Martial (R.C.M.) 1003(c)(l)(B)(ii). The opinion also concluded that a particular specification merely alleging “minors” was adequate to use the maximum punishment from the United States Code, which was fifteen years at the relevant time. Leonard, 64 M.J. at 382, 384.
Leonard came after the Court’s decision in United States v. Mason, which clarified that virtual child pornography, in addition to actual child pornography, could be prosecuted under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). 60 M.J. 16, 19-20 (C.A.A.F.2004). However, Leonard predated Beaty’s, conclusion that a child pornography offense that did not depict actual children could not be punished by reference to the United States Code, since there was no analogous federal crime. 70 M.J. at 44 (“An offense comprised of acts that cannot be criminally charged under the United States Code at all is neither ‘directly analogous’ nor ‘essentially the same’ as one that can be.”). In such cases, the maximum authorized punishment is four months of confinement and forfeiture of two-thirds pay per month for four months. Id. at 45; see also Manual for Courts-Martial, United States Maximum Punishment Chart app. 12 at A12-6 (2012 ed.) (MCM); see generally R.C.M. 1003(c). The sentence disparity between the two offenses was not evident until it was raised and decided in Beaty.[1]
If the offenses in this case had been charged under clause 3 of Article 134, UCMJ, and referenced 18 U.S.C. § 2252A (2006), there would not be a problem with the specifications in this case. Under that statute “minor” has only one meaning; “minor” is defined as “any person under the age of eighteen years,” 18 U.S.C. § 2256(1) (2006) (emphasis added), and it is clear that the “person” must be a real person under the United States Code.[2]
But the Government charged the offense as a violation of clauses 1 and 2, Article 134, UCMJ, which permitted, even prior to the recent MCM amendments, prosecution of real, virtual, or what appears to be child pornography. See Beaty, 70 M.J. at 41; see also Finch, 73 M.J. at 153 (Effron, S.J., with whom Ryan, J., joined, dissenting) (discussing the recent MCM amendments). If, of course, the depictions were of actual minors, there are directly analogous federal statutes, which authorize sentences well in excess of four months[3] for the distribution and re- *151 eeipt[4] specifications. See, e.g., 18 U.S.C. § 2252A(b)(l); see also Leonard, 64 M.J. at 384. But if the depictions were of virtual child pornography, or what appeared to be minors, the sentencing exposure for each specification was only four months. Beaty, 70 M. J. at 44-45.
This distinction raises the constitutional problem presented by the specifications and adjudged sentence but avoided by the majority. “[A]ny facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime.” Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2160, 186 L.Ed.2d 314 (2013) (citation and internal quotation marks omitted). Consequently, given the widely disparate sentences occasioned by the status of the depictions, when charged as a violation of clause 1 or 2, Article 134, UCMJ, the fact that the depictions were of actual minors “necessarily forms a constituent part of a new offense and must be submitted to the jury.” Alleyne, 133 S.Ct. at 2162.
Even in the guilty plea context, where an accused waives his right to trial by members, United States v. Hansen, 59 M.J. 410, 411 (C.A.A.F.2004), such elements must be included in the specification and shown to be understood by the accused as elements of the offense to which he is pleading guilty. United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969); see generally United States v. Ballan, 71 M.J. 28 (C.A.A.F.2012).
One simply cannot rely on Leonard without considering the import of Beaty for this particular set of offenses. The issue here is not answered solely by reference to the language of the specification without consideration of the effects of our child pornography jurisprudence, particularly in light of the elements as defined during the providence inquiry. Leonard neither addresses nor purports to approach the legal landscape presented in this case, which is the result of permitting offenses under Article 134, UCMJ, that are not offenses under the United States Code, and of resort to “general guidance in the Manual for Courts-Martial in order to ascertain the maximum punishments available under military law for different forms of child pornography offenses.” Finch, 73 M.J. at 152-53 (Effron, S.J., with whom Ryan, J., joined, dissenting); see also R.C.M. 1003(e)(1)(B).
No one questions that the “actual” status of the minors in the visual depictions at issue significantly increases the range of penalties to which Appellant was exposed, because such acts may be prosecuted under the United States Code, over the penalties allowed if the depictions were of “virtual” child pornography or what appeared to be minors, which generally may not be prosecuted under the United States Code. See Finch, 73 M.J. at 147. Given these circumstances, we are simply not free to either disagree with or ignore the Supreme Court’s directive as to how such facts must be treated. See, e.g., Alleyne, 133 S.Ct. at 2160, 2162.
Consequently, absent an allegation that the depictions were of “actual” minors, under the law at the time of his conduct Appellant could not be subject to the sentencing maximum for that offense. Id. Moreover, the military judge not only failed to render the error harmless by both explaining that the status of the minors was relevant to the offense and eliciting the Appellant’s admission that the pornography was of actual minors, see Ballan, 71 M.J. at 35, he compounded the problem by telling Appellant that they did not have to be actual minors.[5]
I respectfully dissent.

. Moreover, in Leonard, the accused admitted during the providence inquiry that the depictions were of actual minors. 64 M.J. at 382.

. While the definition of child pornography in 18 U.S.C. § 2256(8) "does not distinguish between minors and actual minors,” United States v. Finch, 73 M.J. 144, 148 (C.A.A.F.2014), the clear import of Supreme Court precedent is that statutes under the United States Code may constitutionally criminalize only child pornography that either involves actual children or is obscene. See generally Ashcroft v. Free Speech Coal., 535 U.S. 234, 251, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (explaining that "where the speech is neither obscene nor the product of sexual abuse, it does not fall outside the protection of the First Amendment,” and creating a clear distinction between the treatment of actual and virtual child pornography). Consequently, the United States Code only criminalizes depictions that are either of actual minors, see, e.g., 18 U.S.C. §§ 2252(a)(2), 2252A(a)(2), or obscene, see, e.g., 18 U.S.C. § 1466A(a). While the definition of "child pornography” also includes a visual depiction that "is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct,” 18 U.S.C. § 2256(8)(B), it is clear that the United States Code does not attempt to criminalize non-obscene depictions of virtual minors because 18 U.S.C. § 2252A(c) provides an affirmative defense that the depictions were of actual, adult persons or that no actual minor was used in the production of the depictions. Our precedent involving offenses charged as violations of clauses 1 or 2 of Article 134, UCMJ, imposes no such limits. It is this fact, combined with the sentence disparity, which causes the constitutional problem discussed infra.

.While the parties agreed at the court-martial that the maximum punishment for the two specifications was thirty years, they appear to have relied on the maximum punishment discussed in Leonard, 64 M.J. at 384, rather than the amended statutes. See 18 U.S.C. §§ 2252(b)(1), 2252A(b)(l) (amended 2003).

. The majority ultimately treats Specification 1 as a possession offense, directly analogous to 18 U.S.C. § 2252A(a)(5), Finch, 73 M.J. at 147-48, despite noting the additional "receive” language in the specification. Whether the specification is best characterized as a possession offense, with a maximum sentence of ten years of confinement, or a receipt offense, with a maximum sentence of twenty years of confinement, however, is largely unimportant here because the maximum sentence for either offense is far in excess of four months.

. This fact raises serious questions as to the basis for the majority’s conclusion that all parties involved were aware of Beaty, see Finch, 73 M.J. at 148-49, since Beaty's holding on the maximum sentence for virtual child pornography was contrary to the agreed upon sentence for the elements of the specifications as described by the military judge during the providence inquiry.