# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman First Class BRANDUR G. JENSEN
### United States Air Force

## ACM 38669

## 3 September 2015

Sentence adjudged 27 May 2014 by GCM convened at Sheppard Air Force Base, Texas. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

Senior Judge TELLER delivered the opinion of the court, in which Judge WEBER joined.[1] Senior Judge MITCHELL filed a separate opinion, concurring in part.

Appellant was convicted, in accordance with his pleas, by a military judge sitting alone, of sexual assault of a child and attempting to persuade a minor to engage in sexual activity of a criminal nature, in violation of Articles 120b and 134, UCMJ, 10 U.S.C. §§ 920b, 934. The court sentenced him to a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to E-1. The sentence was approved as adjudged.

---

[1] Judge Weber participated in this decision prior to his reassignment.

The case was submitted for our review under Article 66(c), UCMJ, 10 U.S.C. § 866(c), on its merits. This court then specified the issue of whether, in light of *United States v. Schell*, 72 M.J. 339 (C.A.A.F. 2013), there is a substantial basis in law for questioning Appellant's plea of guilty to the specifications alleging that Appellant attempted to persuade a minor to engage in sexual activity of a criminal nature.

We find that the military judge erred in advising Appellant of the elements of those specifications, raising a substantial basis in law for questioning the providence of the plea. We set aside the finding of guilt to those specifications and affirm the remaining finding. A rehearing or other action under Rule for Courts-Martial (R.C.M.) 1107(e)(1)(B) is authorized.

*Background*

By the time of the court-martial, Appellant was a 19-year-old Airman in technical training with less than two years' time in service. During late 2012 and early 2013, Appellant engaged in sexually explicit discussions over Facebook, Skype, and sometimes by telephone with three girls he knew to be under the age of sixteen, to include trying to persuade them to have sexual intercourse with him. The girls lived in or near Appellant's hometown in Nevada and he knew them either directly or indirectly. At least one of the girls he had known for several years and he was friends with her prior to joining the Air Force. Appellant told one of the girls that they should have their first sexual intercourse with each other since they had professed their love for each other. For this conduct, Appellant was charged with attempting to persuade two of the girls to engage in sexual activity of a criminal nature. He also pled guilty to sexual assault of a child for engaging in sexual intercourse with one of the girls in December 2012 when she was 14 years old.

His conduct came to light after the mother of one of the girls confronted Appellant over her daughter's Facebook account and later reported it to civilian police. The Air Force Office of Special Investigations (AFOSI) took over the investigation soon after the Air Force became aware of the complaint. Appellant cooperated with AFOSI once confronted and made a full confession.

*Providence of Appellant's Plea*

A military judge must determine whether an adequate basis in law and fact exists to support a guilty plea by establishing on the record that the "acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Acceptance of a guilty plea is reviewed for an abuse of discretion, "and questions of law arising from the guilty plea [are reviewed] de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "For [an appellate court] to find a plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the

accused' by the military judge." *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (quoting *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969)); *see also* Article 45, UCMJ, 10 U.S.C. § 845; R.C.M. 910(c)(1).

The two Article 134, UCMJ, specifications charged Appellant with attempting to persuade the two minors, using a means of interstate commerce, to engage in sexual activity of a criminal nature, in violation of 18 U.S.C. § 2422(b).[2] The requirements for the plea inquiry in cases alleging violations of 18 U.S.C. § 2422(b) under Article 134, UCMJ, were addressed by the Court of Appeals for the Armed Forces in *United States v. Schell* on 8 July 2013, about 12 months prior to the trial in this case. 72 M.J. at 346. That opinion held the plea inquiry must cover the legal requirement that Appellant took a substantial step towards carrying out his intent, even if there is evidence of such a step in the plea inquiry and stipulation of fact.

The government distinguishes *Schell* on the basis that the opinion affirmatively states Schell was prosecuted under Clause 3 of Article 134, UCMJ, for a violation of a "crime and offense not capital," in contrast to the present case where the military judge explicitly limited the prosecution to Clause 2.[3] Based on that distinction, the government contends "[b]ecause the military judge concluded that [this case] was a clause 2 prosecution, the military judge determined that the prosecution had to prove two elements, namely that Appellant committed an act and that the act was of a nature to bring discredit upon the armed forces." The government further asserts "the military judge's description of the elements was perhaps more robust than was required for a clause 2 prosecution, but the expanded elements provided [inured] to Appellant's benefit and caused him no harm."[4]

Although a specification may properly state an offense by alleging merely that the accused did or failed to do certain acts, and that under the circumstances the accused's conduct was of a nature to bring discredit upon the armed forces, the government may not avoid otherwise applicable legal concepts simply by charging in that fashion. This is particularly true when the alleged act is an attempt to engage in other specified conduct.

---

[2] This statute states "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. §2422(b).

[3] The military judge's finding to that effect is not before us on appeal.

[4] This argument may have been more convincing had the trial court not applied the maximum punishment derived from 18 U.S.C. § 2422(b), which may be applied only "when every element of the federal crime, except the jurisdictional element, was included in the specification." *United States v. Leonard*, 64 M.J. 381, 384 (C.A.A.F. 2007). If the government intended to avail itself of the maximum punishment from § 2422(b), it must have ensured the court covered all the elements applicable to § 2422(b) in establishing that Appellant freely and voluntarily subjected himself to that maximum punishment through his plea. *See United States v. Beaty*, 70 M.J. 39, 45 (C.A.A.F. 2011) (holding that an Article 134, UCMJ, offense for child pornography that was not directly analogous to federal criminal statute was a simple disorder).

"Unlike some simple military offenses, attempt is a more complex, inchoate offense that includes two specific elements *designed to distinguish it from mere preparation.*" *Redlinski*, 58 M.J. at 119 (emphasis added). Although the requirement that a criminal attempt constitute more than mere preparation is incorporated in Article 80, UCMJ, 10 U.S.C. § 880, which was specifically at issue in *Redlinski*, its genesis lies in previous court decisions. *See* Drafter's Analysis, *MCM*, A23-2. As Justice Holmes articulated in *Swift & Co. v. United States*, "Not every act that may be done with intent to produce an unlawful result is unlawful, or constitutes an attempt. It is a question of proximity and degree. The distinction between mere preparation and attempt is well known in the criminal law." 196 U.S. 375, 402 (1905). The *Schell* court echoed this longstanding distinction, holding that the substantial step element "ensures that mere thought crimes are not prosecuted." *Schell*, 72 M.J. at 344.

Based on this analysis, we find that the holding in *Schell* was not predicated on 18 U.S.C. § 2422(b) alone, but rather on the nature of the act alleged—an attempt to engage in certain behavior. We are convinced that ensuring the providence of a guilty plea in these circumstances includes showing that the accused understood the legal requirement that he took a substantial step, whether the charge is framed under Clause 3 as a violation of an attempt statute such as 18 U.S.C. § 2422(b) or it is framed under Clause 2 alleging an attempt to commit some other act. What sets the case apart is the inchoate nature of the conduct alleged, not which clause of Article 134, UCMJ, the government has charged.

Our conclusion is reinforced by the facts of *Schell*, in which the government alleged and the colloquy established that Schell's conduct was service discrediting. *Schell*, 72 M.J. 339. If the plea inquiry there would have been sufficient to support a finding of guilt under a Clause 2 theory of liability, we are confident the *Schell* court would have addressed that possibility. *See* Article 59(b), UCMJ, 10 U.S.C. § 859(b) (stating that an appellate court may affirm so much of a finding as includes a lesser included offense); *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (stating that Clause 2 may be a lesser included offense of offenses alleged under Clause 3 depending on the drafting of the specification).

The government further argues that Appellant's signed confession in his stipulation of fact convincingly proves he was aware of the substantial step element and that he confessed to meeting that element. The government goes on to cite two specific paragraphs in the stipulation in which Appellant admits that certain conduct constituted "substantial steps" toward accomplishing an offense. Indeed, as the government contends, the record is replete with admissions that Appellant engaged in conduct that under any reasonable interpretation would constitute more than mere preparation. In light of these admissions, the government's argument has substantial facial appeal. The *Schell* court, however, explicitly disclaimed this argument.

> That Schell admitted facts during his plea colloquy that are likely sufficient to prove that he took a substantial step towards enticing "Taylor,"[5] does not answer the altogether different question whether he understood that a substantial step was necessary to make his conduct criminal. Even though Schell agreed that the military judge correctly described his crime, and admitted that he took "steps" to attempt to persuade "Taylor," the record before us does not demonstrate that Schell understood how the law related to the facts.

*Schell*, 72 M.J. at 346.

Neither the inquiry nor the stipulation of fact in this case established that Appellant understood the government must show, as a legal matter, that Appellant made a substantial step towards enticing the girls. Because the plea inquiry failed to meet the unambiguous requirements under *Schell*, we find a substantial basis in law for questioning the providence of the plea to that offense.[6]

*Conclusion*

Appellant's conviction of Charge I and its Specification, alleging a violation of Article 120b, UCMJ, is affirmed. His pleas to Charge II and its Specifications, alleging a violation of Article 134, UCMJ, were improvident. Accordingly, his conviction of Charge II and its Specifications and the sentence are set aside.

The record is returned to The Judge Advocate General for remand to the convening authority who may order a rehearing on Charge II and the sentence or take other discretionary action under R.C.M. 1107(e)(1)(B). Upon completion of the convening authority's subsequent action, the case shall be returned to this court for further review. *United States v. Johnson*, 45 M.J. 88, 89 (C.A.A.F. 1996).

MITCHELL, Senior Judge, concurring in part:

I concur with the majority's reasoning and the result in setting aside Charge II and its Specifications. I do not join them in their corrective action authorizing a rehearing, instead I would reassess the sentence to the approved sentence.

---

[5] "Taylor" was the fictitious persona of an underage girl assumed by the undercover agent.

[6] We also note that the military judge apparently misstated another element by suggesting Appellant had to specifically intend to engage in the sexual activity rather than simply intend to persuade or entice the child to engage in the act. Because we find our superior court's holding on the granted issue in *Schell* controlling, we do not reach that issue and trust that any error will be rectified if a rehearing is ordered.

In reaching this conclusion, I recognize the convening authority has lost some of the benefit of the pretrial agreement bargain in that a charge and two specifications have now been dismissed on appeal. Appellant fulfilled his obligations under the pretrial agreement at the trial level and he did not raise any issues on appeal. However, the right to full appellate review under Article 66, UCMJ, cannot be waived by the submission of a case to this court on its merits. Accordingly, we fulfilled our obligations under Article 66, UCMJ, to determine if the findings are both factually and legally correct.

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986). This analysis is based on a totality of the circumstances with the following as illustrative factors: dramatic changes in the penalty landscape and exposure, the forum, whether the remaining offenses capture the gravamen of the criminal conduct, whether significant or aggravating circumstances remain admissible and relevant, and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15–16.

The forum was military judge alone and thus we are "more likely to be certain of what a military judge would have done." *Winckelmann*, 73 M.J. at 16. Even though the 50-year maximum sentence announced by the military judge would be reduced to 30 years, that maximum is still well in excess of the adjudged sentence. Therefore, I would conclude that there was not a proportionally dramatic change in the penalty exposure. The remaining offense of having sexual intercourse with a 14-year-old girl captures the gravamen of his criminal conduct. The evidence of his interaction with at least one of the other girls would likely still have been admissible. This court has experience and familiarity with determining fair and appropriate sentences for this type of offense. Even after a rehearing on these charges and specifications, the convening authority cannot approve a sentence greater than the one originally approved. After evaluating all the relevant factors, I would reassess the sentence to the adjudged and approved sentence of a bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and a reduction to E-1.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court