**UNITED STATES, Appellee,**

v.

**Melvin WALKER, Inmate, A Person in Custody of the Armed Forces, Appellant.**

No. 66,410.
CM 9001793.

U.S. Court of Military Appeals.

Argued Dec. 4, 1991.

Decided June 17, 1992.

For Appellant: *Captain James M. Heaton* (argued); *Colonel Robert B. Kirby* (on brief); *Lieutenant Colonel Russell S. Eatey.*

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas* (on brief); *Captain Randy V. Cargill.*

*Opinion of the Court*

GIERKE, Judge:

Appellant was confined at the United States Disciplinary Barracks, serving a sentence of a prior court-martial at the time this case was tried. A military judge sitting as a general court-martial convicted him, pursuant to his pleas, of two specifications of attempted larceny and one of theft of mail matter, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 USC §§ 880 and 934, respectively. The adjudged and approved sentence imposes confinement for 40 months. The Court of Military Review found the pleas to the theft of mail matter improvident, but affirmed findings of guilty of the lesser offense of larceny, in violation of Article 121, UCMJ, 10 USC § 921, and affirmed a sentence to confinement for 36 months. Unpub. op. (Feb. 15, 1991). We granted review of the following issue:

> WHETHER APPELLANT'S GUILTY PLEAS WERE IMPROVIDENT DUE

TO A MISUNDERSTANDING OF THE MAXIMUM POSSIBLE SENTENCE.

Appellant pleaded guilty to offenses for which the maximum punishment was confinement for 10 years and 6 months. The Court of Military Review decision reduced the maximum punishment to confinement for 5 years and 6 months. The question is whether this difference in maximum punishment renders the pleas improvident. We hold that, under the facts and circumstances of this case, the guilty pleas were improvident. We, therefore, reverse.

Appellant had attained minimum-custody status at the Disciplinary Barracks and was assigned to a crew painting officers' quarters on the post. While working in the quarters assigned to, but not yet occupied by, an officer and his family, appellant saw two boxes of blank checks which had been delivered along with other mail through the mail slot in the door. The noncommissioned officer in charge of the paint crew collected the mail from the floor and placed it in various locations in the quarters. Several days after the checks were delivered, appellant opened one of the boxes, removed two checks, forged them, and used them to pay for mail-order merchandise.

Prior to entry of pleas, appellant moved to dismiss the allegation of theft of mail matter on the ground that the items stolen were no longer in mail channels when he stole them. The military judge denied the motion, observing that the lesser included offense of larceny was "still viable." Appellant pleaded not guilty, after which the court-martial adjourned. During the adjournment, appellant negotiated a pretrial agreement which limited the maximum confinement to 5 years. When trial resumed, he pleaded guilty to all charges and specifications.

During the plea inquiry, the military judge asked appellant whether he agreed that the mail had not yet "been delivered to the" addressee. Appellant responded, "Yes, sir." The military judge then said, "It may be a pretty good issue on whether or not it had—a plea of guilty doesn't waive a failure to state an offense. I'm

going to hold that one multiplicious for sentencing anyway." After further inquiry, the military judge observed, "I think you've got a weak stolen mail matter case, so that is why I'm holding it multiplicious with the rest of it."

Trial counsel disputed the military judge's ruling that the offenses were multiplicious. The military judge, responding to the argument that the specification "passes the separate offense test," stated: "I suppose, if in fact it is an offense, it probably does. I'm not so sure that it is an offense."

Turning to the pretrial agreement, the military judge asked defense counsel:

Let's put it this way. You entered into a pretrial agreement with the Government with a view towards a possible maximum punishment of 10 years, 6 months, is that right?

DC: Yes, sir.

MJ: If I were to rule that the maximum was 5 years, 6 months, do you still think you've still got a good pretrial agreement?

DC: I would need a few minutes to talk that over with my client, sir.

MJ: I've got to figure some way to weasel out of this—no, I'm going to hold that—we've either got an offense or we don't, so I'm not going to ride on that. I'm going to rule that it is an offense, based on the facts that I have discovered here, and I'm going to rule that the maximum permissible punishment then is additional confinement, or confinement for 10 years, 6 months.

Defense counsel agreed with the computation, assuming the specification in question did state an offense, but that did not end the matter. Referring to the pretrial agreement, which limited confinement to five years, the military judge asked appellant:

MJ: What if you had only been facing 5 and a half years? Would your [pretrial agreement] still be good? Do you think you might have tried to hold out lower, or do you think you still got a good deal whether it is 5 and a half or 10 and a half?

ACC: I wouldn't have accepted the deal, sir.

MJ: You wouldn't have?

ACC: No, sir.

MJ: Nice whisper, Captain Grytdahl [defense counsel]. I guess there is no saving this thing for—however, I do consider that to not be a 5–year offense. I'm treating it as 5 years but that's, to my mind the crux of the offenses are sending the forged checks that he stole to Spiegel and National....Do you feel that you have had enough time to discuss this agreement with Captain Grytdahl?

ACC: Yes, sir.

MJ: Are you satisfied with his advice about your pretrial agreement?

ACC: Yes, sir.

MJ: Are you entering this pretrial agreement of your own free will?

ACC: Yes, sir.

MJ: Are you pleading guilty just to get the deal, or are you pleading guilty because you are convinced that you are guilty?

ACC: I'm pleading guilty because I'm convinced, sir, I am guilty.

The military judge then advised appellant of his "right to plead not guilty" even though he believed himself guilty, and asked appellant whether he still desired to plead guilty. Appellant responded, "Yes, sir." The military judge then convicted appellant in accordance with his pleas.

As might be expected, the uncertainty refused to stay buried. After being advised of his right to present evidence during the sentencing hearing, appellant asked the military judge, "Am I facing the max of 10 years or—"? The military judge responded:

—Well, I will tell you what I said basically. I said that the book calls for a maximum of 10 and a half years, that's what, if you turn to the offense to which you pled guilty to, the book says you can get a max. You could get a maximum of 10 and a half years.

* * *

And I've ruled that none of these are multiplicious, but I don't consider, I have told the trial counsel, I don't consider this theft of mail, which calls for 5 years and is the same as the larcenies, ... I don't consider that to be the same as a real theft from mail....So, what I'm saying is I'm really talking to the appellate authorities and saying look, if you find that that really is not an offense, I wasn't putting much stock in it anyway....

* * *

But you could get, I mean, I could sit right here and go out there, after I hear everything, I could come in and say, Mr. Walker, you are sentenced to 10 years and 6 months. I could do that legally....

* * *

I'm not likely to is what I'm saying. Does that answer your question?

Appellant answered, "Somewhat, sir."

■ In *United States v. Windham,* 15 USCMA 523, 525, 36 CMR 21, 23 (1965), we said that "a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." (Citations omitted.) In *United States v. Harden,* 1 MJ 258, 260 (CMA 1976), we held that a 10–year mistake in the computation of the maximum confinement was "substantial," but we observed that there was no "fixed formula by which to determine the magnitude of difference in punishment that would warrant vacating a plea of guilty as improvident." *Id.* at 259–60. Instead, we have applied an "elastic" standard, *id.* at 260, in which "all the circumstances of the case ... must be considered to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in [appellant's] decision to plead" guilty. *United States v. Hunt,* 10 MJ 222, 223–24 (CMA 1981), citing *United States v. Walls,* 9 MJ 88 (CMA 1980).

■ Turning to the case before us, appellant's uncertainty about the maximum

punishment was only "somewhat" resolved by the military judge's convoluted explanation. Appellant stated unequivocally that he would not have entered into a pretrial agreement limiting confinement to 5 years if he knew that the maximum was only 5 and one-half years. Under the circumstances, therefore, we cannot say that the difference in maximum punishment was an "insubstantial" factor in appellant's decision to plead guilty. Accordingly, we hold that the guilty pleas were improvident.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge SULLIVAN and Judges COX and CRAWFORD concur.

Judge WISS and Senior Judge EVERETT did not participate.