OPINION OF THE COURT
MORGAN, Judge:
Appellant pled to and was found guilty of three specifications of writing checks with intent to defraud, three specifications of uttering worthless checks, larceny of food and beverages from the Noncommissioned Officers’ (NCO) Club, and use of cocaine on divers occasions in violation of Articles 123a, 134, 121, and 112a, respectively, of the Uniform Code of Military Justice (UCMJ).[1] He was acquitted of a charge of assault consummated by a battery pursuant to a pretrial agreement (PTA) providing that the government would not present any evidence thereof. In addition, the PTA provided that the convening authority would not approve confinement in excess of three years. He was sentenced by a military judge to a bad-conduct discharge (BCD), confinement for two years, and reduction to airman basic. Exercising clemency, the convening authority further reduced the confinement to one year.
Appellant contends in his lone assignment of error that his plea was improvident in view of his mistaken belief, shared by the court and counsel for both sides, that the maximum period of confinement available for the offenses to which he pled guilty was 27 years. He now calculates that the actual maximum exposure was 8)4 years. The government concedes that there was error at the trial level in calculating the maximum sentence, calculates the maximum possible sentence to confinement to be 13 years, but contends the plea was nevertheless provident.
As he did at trial, appellant takes the position that the real crux of his difficulties was his cocaine addiction. To fund this habit, he wrote the seven checks which were the subject of the three specifications under Article 123a against an account he knew to be closed, seven checks which were the subject of three specifications under Article 134, and used the NCO Club card number of another airman to steal food and drink from the NCO Club.
During the providence inquiry at trial, the military judge stated his belief that the maximum amount of confinement to which appellant could be sentenced was 27 years, a figure to which both trial and defense counsel assented. Given the absence of objection, there is nothing in the record to tell us how this figure was derived, but at a minimum, we assume that it was based on the assumption that each of the three specifications under Article 123a carried a maximum penalty of five years confinement, and that the larceny from the NCO Club could bring up to ten years.[2] Manual for Courts-Martial, United States, 1984, Part IV, ¶49.e.
This case was tried before we issued our opinion in United States v. Oliver, 43 M.J. 668 (A.F.Ct.Crim.App.1995), in which we explained how checks may be accumulated in calculating a maximum sentence for a single Article 123a specification. Allowing for Oliver-like analysis in this case, the calculation of the maximum sentence does not change from the figure advanced by appellant — 8)6 years. This is because even if each check charged under Article 123a, and each larcenous charge against the NCO Club charged under Article 121, were made the subject of a separate specification carrying a six month sentence, the total would not equal the enhanced sentence available for a check written in an amount greater than $100 or a larceny of non-military property of a value greater than $100.
After Oliver was decided, the United States Court of Appeals for the Armed *646 Forces issued its opinion in United States v. Mincey, 42 M.J. 376 (1995). That opinion simply stated that, regardless of how aggregated in the specifications, the maximum sentence in check cases is to be calculated by totalling the sentence associated with each check charged. Under this analysis, the maximum sentence in appellant’s case would have been 17 years.
Even without benefit of Oliver or Mincey we are unpersuaded by the government’s assertion, without citation to authority, that eight separate transactions against another airman’s NCO Club card on six different days, constituted one transaction for purposes of sentence enhancement.[3] For purposes of this analysis, we shall assume that, as charged, and at the time charged, appellant’s sentence to confinement could not have exceeded 8)6 years.
Inviting our attention to United States v. Walker, 34 M.J. 264 (C.M.A.1992), appellant argues that the sentence disparity between 27 years and 8)6 years is so great as to render his plea of guilty in exchange for a pretrial agreement limiting confinement to three years improvident. We do not agree. The Court of Military Appeals has repeatedly rejected any mechanistic ratio between an incorrectly assumed maximum punishment and the actual maximum punishment in favor of consideration of all the circumstances of the case to determine whether the misapprehension of the maximum sentence affected the guilty plea or “was insubstantial in his decision to plead.” Walker, 34 M.J. at 266; United States v. Harden, 1 M.J. 258, 259-60 (C.M.A.1976). In Walker, the assumed maximum was 10 years, the actual maximum was 5)6 years, and Walker’s PTA was for 5 years. Decisively, Walker stated during the providence inquiry that, if the maximum exposure turned out to be only 5)6 years, he would not have entered into the PTA at all. This is a far cry from appellant’s situation. Although there is a considerable difference between 27 years and 8)6 years, 3 years is a substantial limit on either. See, e.g., United States v. Hunt, 10 M.J. 222, 224 (C.M.A.1981).
We do not view favorably the overturning of guilty pleas for other than the most compelling reasons. See United States v. Walls, 9 M.J. 88, 91 n. 4 (C.M.A.1980). The Supreme Court underscored the wisdom of appellate caution in this respect when it wrote:
We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that ... the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.
Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747 (1970). In this case, the government was in possession of powerful, direct evidence of the appellant’s guilt. Moreover, appellant’s position as an F-15C crew chief who, according to a government witness, went to work on airplanes only minutes after smoking crack, could well have been considered by a sentencing authority to be highly aggravating. Coupled with a record of nonjudicial punishment under Article 15, UCMJ,[4] for disobedience of an order, a number of letters of reprimand, and a generally poor history of airman performance reports, appellant had every reason to negotiate a pretrial agreement in this case. We cannot say that the error in calculating the maximum sentence was so egregious, or so substantial, as to render his pleas of guilty improvident.
The findings and sentence are correct in law and in fact, and are
AFFIRMED.
Senior Judge PEARSON and Judge BECKER concur.

. 10 U.S.C. §§ 923a, 934, 921, 912a (1988).

. Assuming that each specification of Charge I was incorrectly thought to be five years, the total would come to 26)4 years. It is possible that the court also added the six month maximum sentence associated with a finding of guilty as to the assault, notwithstanding appellant did not offer to plead guilty to that charge.

. We need not decide whether, because two of the charges which form the subject of the larceny charge were made by the appellant on the same day against the same club card, an OZtver-like analysis might have permitted the government to charge a single specification of larceny in excess of $100. Cf. United States v. Hall, 6 U.S.C.M.A. 562, 20 C.M.R. 278 (1955).

. 10 U.S.C. § 815 (1988).