UNITED STATES, Appellee/Cross-Appellant

v.

Laurence H. FINCH, Technical Sergeant
U.S. Air Force, Appellant/Cross-Appellee

Nos. 13-0353 and 13-5007

Crim. App. No. 38081 (Misc. Dkt. No. 2012-13)

United States Court of Appeals for the Armed Forces

Argued October 9, 2013

Decided March 6, 2014

ERDMANN, J., delivered the opinion of the court, in which BAKER,
C.J., and STUCKY, J., joined.  RYAN, J., filed a separate
dissenting opinion.  EFFRON, S.J., filed a separate dissenting
opinion in which RYAN, J., joined.

Counsel


For Appellant/Cross-Appellee:  Captain Michael A. Schrama
(argued); Major Matthew T. King and Dwight H. Sullivan, Esq. (on
brief).

For Appellee/Cross-Appellant:  Major Brian C. Mason (argued);
Colonel Don M. Christensen, Lieutenant Colonel C. Taylor Smith,
and Gerald R. Bruce, Esq. (on brief).

Military Judge:  Matthew D. Van Dalen


**This opinion is subject to revision before final publication**.

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

Judge ERDMANN delivered the opinion of the court.

Technical Sergeant (E-6) Laurence H. Finch pleaded guilty at a general court-martial to one specification of receiving and possessing child pornography and one specification of distributing child pornography, both in violation of Article 134(1) and (2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The military judge found Finch guilty in accordance with his pleas and sentenced him to confinement for seven years, reduction to E-1, and a dishonorable discharge. The convening authority approved the adjudged sentence. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Finch, No. ACM 38081 (Misc. Dkt. No. 2012-3), 2013 CCA LEXIS 33, at *11, 2013 WL 376065, at *4 (A.F. Ct. Crim. App. Jan. 25, 2013).

We granted review in this case to determine whether the military judge erred when he determined the maximum sentence to confinement was thirty years.[1] Following the court's grant of

---

[1] We granted review of the following issue:

Where the Article 134 child pornography specifications of which Appellant was convicted did not allege that the images depicted actual minors and where the military judge advised Appellant during the providence inquiry that "There is no requirement that the images in this case include actual images of minors," is the maximum authorized confinement for each specification limited to four months?

United States v. Finch, 72 M.J. 384 (C.A.A.F. 2013) (order granting review).

2

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

review, the Air Force Judge Advocate General (TJAG) certified an issue which questioned the providence of Finch's guilty plea.[2]

    We hold, consistent with United States v. Leonard, 64 M.J. 381 (C.A.A.F. 2007), that the military judge did not err in determining the maximum sentence to confinement.  In addition, based upon our review of the record, there is no substantial basis in law or fact to question Finch's pleas of guilty to the offenses.  See United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).  We therefore affirm the decision of the CCA.

## Factual Background

    The specifications in this case alleged that Finch knowingly and wrongfully received, possessed (Specification 1), and distributed (Specification 2) "visual depictions of a minor engaging in sexually explicit conduct."[3]  When the military judge

---

[2] TJAG certified the following issue:

> If the court finds that the specifications
> sufficiently alleged that the visual depictions were
> of actual minors but that the military judge's
> definitions were inconsistent with the alleged
> specifications, what is the appropriate remedy, if
> any, to be given?

United States v. Finch, 72 M.J. 402 (C.A.A.F. 2013)
(docketing notice).

[3] Specification 1 of the charge alleged that Finch:

> [D]id, within the continental United States, on divers
> occasions between on or about 1 July 2006 and on or
> about 18 December 2008, knowingly and wrongfully
> receive and possess visual depictions of a minor
> engaging in sexually explicit conduct, which conduct
> was, under the circumstances, prejudicial to good

3

asked trial counsel for his calculation of the maximum sentence, trial counsel responded "30 years confinement; total forfeitures of all pay and allowances; reduction to E-1; and a dishonorable discharge."  The military judge then asked trial defense counsel if he agreed and he responded "Yes, Your Honor."  Consistent with the agreement of both counsel, the military judge then advised Finch of the agreed maximum possible sentence.  There is no indication in the record as to what the parties relied upon to determine the maximum possible sentence to confinement. However, the CCA noted that the analogous federal offenses provide for a maximum punishment of thirty years for the two specifications.[4]  Finch, 2013 CCA LEXIS 33, at *4, 2013 WL 376065, at *2.

---

    order and discipline in the armed forces and of a
    nature to bring discredit upon the armed forces.

Specification 2 of the charge alleged that Finch:

    [Did], both within and outside the continental United
    States, on divers occasions between on or about 1 July
    2006 and on or about 18 December 2008, knowingly and
    wrongfully distribute visual depictions of a minor
    engaging in sexually explicit conduct, which conduct
    was, under the circumstances, prejudicial to good
    order and discipline in the armed forces and of a
    nature to bring discredit upon the armed forces.

[4] 18 U.S.C. § 2252A(b)(1) sets out the maximum imprisonment for
violation of 18 U.S.C. § 2252A(a)(2) (distribution) at twenty
years.  18 U.S.C. § 2252A(b)(2) sets the maximum imprisonment
for a violation of 18 U.S.C. § 2252A(a)(5) (possession) at ten
years.  Violation of these two federal statutes results in a
maximum sentence to confinement of thirty years.

During the subsequent providence inquiry, the military judge initially advised Finch of the elements of the Specification 1 and went on to provide definitions of "divers," "wrongful," "knowingly," "possess," and "receive." At that point the military judge stated:

> There is no requirement that the images in this case include actual images of minors; That is, the wrongful and knowing receipt and possession of visual depictions containing sexually explicit images of persons indistinguishable from minor children, whether actual or virtual, when determined to be service-discrediting conduct and conduct prejudicial to good order and discipline, is an offense under Article 134.

Following that statement, the military judge resumed his definitions of relevant terms, which included the term "minor." The military judge defined "minor" as "any person under the age of 18 years," which is the definition found in 18 U.S.C. § 2256(1). Following an extensive providence inquiry, the military judge accepted Finch's pleas.

In his appeal to the Air Force Court of Criminal Appeals, Finch argued that the military judge calculated the incorrect maximum sentence to confinement and that the Staff Judge Advocate (SJA) misadvised the convening authority on clemency matters. Finch, 2013 CCA LEXIS 33, at *1, 2013 WL 376065, at *1. The CCA affirmed the findings and sentence, holding that the offenses charged were analogous to the "offenses of knowing receipt and possession as well as knowing distribution of child pornography, under 18 U.S.C. § 2252A(a)(2), (5), for purposes of

5

determining the maximum punishment." Id. at *4, 2013 WL 376065, at *2. The CCA found no error in the recommendation of the SJA in regard to the clemency matters and went on to hold that there was "no substantial basis to question appellant's guilty plea." Id. at *8-*10, 2013 WL 376065, at *3-*4.

## Discussion

### The Granted Issue

The granted issue asks whether the military judge erred in calculating the maximum punishment to confinement. Finch argues that the specifications did not allege, nor did the providence inquiry establish, that the depicted images were actual minors. Since the specifications did not allege any offense punishable under Title 18, United States Code, Finch argues that the maximum period of confinement for each of the two Article 134 specifications was four months, citing United States v. Beaty, 70 M.J. 39 (C.A.A.F. 2011). In addition to questioning the maximum sentence calculation, Finch also argues that his plea was not provident to an offense involving images of actual minors as the military judge specifically advised him that "[t]here is no requirement that the images in the case include actual images of minors." Finch's arguments as to the providence of the plea will be discussed under the certified issue, which also raises the providence issue.

6

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

The government responds that the military judge's calculation of the maximum sentence was correct as the specifications in this case are substantially the same as the specifications in Leonard, which this court recognized as being directly analogous to Title 18 offenses.

Where an offense is listed in Part IV of the Manual for Courts-Martial, United States (MCM), the maximum punishment is set forth therein. Beaty, 70 M.J. at 42 (citing R.C.M. 1003(c)(1)(A)(i)). Neither the receipt and possession specification nor the distribution of child pornography specification (involving either an actual minor or what appears to be a minor) was a listed offense at the time of Finch's court-martial. For offenses not listed in Part IV, the maximum punishment depends on whether the offense is included in or closely related to a listed offense in the MCM. R.C.M. 1003(c)(1)(B); Leonard, 64 M.J. at 383; Beaty, 70 M.J. at 42 n.7. In this case, neither the receipt and possession of child pornography nor the distribution of child pornography specifications were included in, or closely related to, a listed offense. Leonard, 64 M.J. at 383; Beaty, 70 M.J. at 42.

Therefore this case presents a situation where the offenses at issue were neither listed in Part IV nor included in or closely related to any offense listed in the MCM. In such a case, R.C.M. 1003(c)(1)(B)(ii), provides that "[a]n offense not

7

listed in Part IV and not included in or closely related to any offense listed therein is punishable as authorized by the United States code, or as authorized by the custom of service." Neither Finch nor the government argue that a custom of the service establishes the maximum sentence in this case. The question, therefore, is whether the offenses in this case are analogous to 18 U.S.C. § 2252A(a)(2) and (5), punishable by sentences of twenty years and ten years respectively, or whether they are simple disorders punishable by four months of confinement. Beaty, 70 M.J. at 45. That determination is dependent on whether the specifications alleged offenses involving both actual and virtual images of minors or just images of actual minors. The CCA upheld the military judge's thirty-year maximum sentence calculation with reference to 18 U.S.C. § 2252A(a)(2) and (5), which are restricted to actual minors. Finch, 2013 CCA LEXIS 33, at *4, 2013 WL 376065, at *2.

In Leonard, 64 M.J. at 382, 384, we determined that the military judge did not err in setting the maximum punishment for a specification and charge of possession of visual depictions of minors engaging in sexually explicit activity by reference to the maximum punishment authorized by 18 U.S.C. § 2252(a)(2), (b)(1). We explained:

> We have looked before at the maximum sentence for
> offenses charged under clauses 1 or 2 of Article 134,
> UCMJ, that include the conduct and mens rea proscribed
> by directly analogous federal criminal statutes. In

> doing so, we focused on whether the offense as charged is "essentially the same," as that proscribed by the federal statute. <u>United States v. Jackson</u>, 17 C.M.A. 580, 583, 38 C.M.R. 378, 381 (1968); <u>see also</u> <u>United States v. Williams</u>, 17 M.J. 207, 216-17 (C.M.A. 1984) (upholding sentence for kidnapping under clauses 1 or 2 by referencing the maximum sentence for a violation of the federal kidnapping statute). <u>The military judge did not err by referencing a directly analogous federal statute to identify the maximum punishment in this case, when every element of the federal crime, except the jurisdictional element, was included in the specification.</u>

<u>Id.</u> at 384 (emphasis added).

As in <u>Leonard</u>, here all elements of the federal crimes, except the jurisdictional element, were included in the specifications. Appellant was charged with receipt, possession, and distribution of "visual depictions of a minor engaged in sexually explicit conduct." We agree with the CCA's determination that the analogous federal provisions are 18 U.S.C. § 2252A(a)(2), which criminalizes receipt and distribution of child pornography, and § 2252A(a)(5), which criminalizes possession.[5] The term "child pornography" is defined in § 2256(8)(B) to include "any visual depiction . . . of a minor engaging in sexually explicit conduct." These

---

[5] Appellant's citation to 18 U.S.C. § 2252A(a)(3)(B) is inapposite, as that section targets the advertisement, promotion, presentation, distribution, or solicitation of material in a manner that reflects the belief, or intends to cause another to believe, that the material is either obscenity (of "a minor") or child pornography (of an "actual minor"). This is not analogous to the receipt, possession, and distribution offenses for which Appellant was charged, which make no distinction between obscenity of "a minor" and child pornography of "an actual minor."

sections are directly analogous to the specifications in this case.  The definition does not distinguish between minors and actual minors.  Neither do the sections of the statute directly criminalizing receipt and distribution and possession of child pornography.  Accordingly, we hold that the CCA did not err in holding that the maximum possible sentence was based on the analogous portions of 18 U.S.C. § 2252A, which address essentially the same offenses as charged in Finch's case, and affirm that portion of the CCA's decision.

The Certified Issue

The issue certified by TJAG asks the court to provide the "appropriate remedy" if the specifications sufficiently alleged that the visual depictions were of actual minors, but the military judge's definitions were inconsistent with the alleged specifications.  Essentially, TJAG seeks review of the providence of Finch's guilty plea.  As noted, Finch argues that his plea to the specifications which involved images of actual minors was not provident as the military judge specifically advised him that the images could be either actual or virtual. The government acknowledges that advisement but argues that the singular reference in context of the entire providence inquiry is insufficient to render the plea improvident.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and

fact to support the plea before accepting it." Inabinette, 66 M.J. at 321-22. "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." Id. at 322 (citations and internal quotation marks omitted). In order to ensure a provident plea, the military judge must "accurately inform Appellant of the nature of his offense and elicit from him a factual basis to support his plea." United States v. Negron, 60 M.J. 136, 141 (C.A.A.F. 2004). "An essential aspect of informing Appellant of the nature of the offense is a correct definition of legal concepts. The judge's failure to do so may render the plea improvident." Id. However, "an error in advising an accused does not always render a guilty plea improvident. Where the record contains factual circumstances that objectively support the guilty plea to a more narrowly construed statute or legal principle, the guilty plea may be accepted." Id. (citations and internal quotation marks omitted). "To prevail, Appellant has the burden to demonstrate a substantial basis in law and fact for questioning the plea." Id. (citation and internal quotation marks omitted). The "mere possibility" of a conflict between the accused's plea and statements or other evidence in the record is not a sufficient basis to overturn the trial results. United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F. 1996) (citation and internal quotation marks omitted).

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

Finch's argument centers on the military judge's statement that the images could display either actual or virtual minors. Finch argues that this inconsistent statement caused confusion and, as a result, he could not be sure whether he was pleading to offenses involving actual minors with a maximum sentence of thirty years or offenses involving virtual minors with a maximum sentence of eight months. An initial difficulty with this argument is that Finch's trial defense counsel explicitly agreed with the government's calculation of a maximum sentence to confinement of thirty years, a statute limited to actual minors. We note that six months prior to Finch's court-martial, this court held that possession of virtual child pornography charged under Article 134, clauses 1 and 2, was punishable as a simple disorder with a maximum punishment of four months of confinement. See Beaty, 70 M.J. at 45. In light of the holding in Beaty, the providence inquiry reflects that the parties proceeded with the understanding that the specifications involved actual minors with the corresponding thirty-year maximum sentence despite the military judge's inconsistent reference to virtual minors. At no point during the providence inquiry or sentencing portion of the trial was there any expression of surprise or confusion as to the maximum sentence.

A further review of the providence inquiry record supports this conclusion. Following the military judge's inconsistent

12

statement, he defined the term "minor" as used in the specification as a "person under the age of 18 years." That definition is identical to the definition of "minor" as the term is used in 18 U.S.C. § 2252A(a)(2) and (5), which are limited to actual minors. See 18 U.S.C. § 2256(1).[6]

In discussing "sexually explicit conduct" the military judge informed Finch of the factors to consider in determining whether the depictions included "lascivious exhibition of the genitals or pubic area of any person." (Emphasis added.) When the military judge asked Finch why he believed the "individuals" depicted were under the age of eighteen, Finch responded, "Sir, they appeared -- their bodies were not developed." Further, Finch responded "yes" when the military judge asked him if he understood the elements and definitions described and "yes" when asked "do you believe and admit that the elements and definitions taken together correctly describe what you did?"

Finch told the military judge that he "knowingly received and possessed visual depictions of minors engaging in sexually explicit conduct." He said that he "saw that images of minors engaged in sexually explicit conduct were downloaded and I

---

[6] The plain meaning of the term "person" references an actual person rather than a virtual person. See United States v. Schell, 72 M.J. 339, 343 (C.A.A.F. 2013) ("Unless the text of a statute is ambiguous, the plain language of a statute will control unless it leads to an absurd result.") (citation and internal quotation marks omitted).

knowingly kept them on my computer." Finch admitted that the descriptions or file names contained words like "underage," "minor," or "child." He answered "yes" to similar questions relating to the second specification alleging distribution of those images.

Our review of the record of the providence inquiry reflects that, despite the single inconsistent reference to images of virtual minors, the parties proceeded as though the allegations involved actual persons and the military judge elicited adequate information from Finch to support the plea. Consequently, Finch has failed to establish that a substantial basis in law or fact exists to reject his plea. See, e.g., Garcia, 44 M.J. at 499.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

RYAN, Judge (dissenting):

I concur with Senior Judge Effron's dissent.  I write
separately to point out the additional, constitutional infirmity
with the Charge and specifications in this case raised by the
vast disparity between the maximum sentences authorized for
actual and virtual child pornography offenses at the time of
Appellant's court-martial.

I am well familiar with the holdings in both United States
v. Leonard, 64 M.J. 381, 384 (C.A.A.F. 2007), and United States
v. Beaty, 70 M.J. 39, 41 (C.A.A.F. 2011).  Leonard still
accurately stands for the general proposition that where a
specification adequately alleges the same conduct and mens rea
as a directly analogous federal statute, except for the
jurisdictional element, the offense may be punished as
authorized by the United States Code.  64 M.J. at 384; Rule for
Courts-Martial (R.C.M.) 1003(c)(1)(B)(ii).  The opinion also
concluded that a particular specification merely alleging
"minors" was adequate to use the maximum punishment from the
United States Code, which was fifteen years at the relevant
time.  Leonard, 64 M.J. at 382, 384.

Leonard came after the Court's decision in United States v.
Mason, which clarified that virtual child pornography, in
addition to actual child pornography, could be prosecuted under
Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 934 (2000).  60 M.J. 15, 19-20 (C.A.A.F. 2004).  However, Leonard predated Beaty's conclusion that a child pornography offense that did not depict actual children could not be punished by reference to the United States Code, since there was no analogous federal crime.  70 M.J. at 44 ("An offense comprised of acts that cannot be criminally charged under the United States Code at all is neither 'directly analogous' nor 'essentially the same' as one that can be.").  In such cases, the maximum authorized punishment is four months of confinement and forfeiture of two-thirds pay per month for four months.  Id. at 45; see also Manual for Courts-Martial, United States Maximum Punishment Chart app. 12 at A12-6 (2012 ed.) (MCM); see generally R.C.M. 1003(c).  The sentence disparity between the two offenses was not evident until it was raised and decided in Beaty.[1]

If the offenses in this case had been charged under clause 3 of Article 134, UCMJ, and referenced 18 U.S.C. § 2252A (2006), there would not be a problem with the specifications in this case.  Under that statute "minor" has only one meaning; "minor" is defined as "any person under the age of eighteen years," 18

---

[1] Moreover, in Leonard, the accused admitted during the providence inquiry that the depictions were of actual minors. 64 M.J. at 382.

U.S.C. § 2256(1) (2006) (emphasis added), and it is clear that

the "person" must be a real person under the United States Code.[2]

But the Government charged the offense as a violation of

clauses 1 and 2, Article 134, UCMJ, which permitted, even prior

to the recent MCM amendments, prosecution of real, virtual, or

what appears to be child pornography. See Beaty, 70 M.J. at 41;

see also Finch, __ M.J. at __ (4-5) (Effron, S.J., with whom

Ryan, J., joined, dissenting) (discussing the recent MCM

amendments). If, of course, the depictions were of actual

_____

[2] While the definition of child pornography in 18 U.S.C.
§ 2256(8) "does not distinguish between minors and actual
minors," United States v. Finch, __ M.J. __, __ (10) (C.A.A.F.
2014), the clear import of Supreme Court precedent is that
statutes under the United States Code may constitutionally
criminalize only child pornography that either involves actual
children or is obscene. See generally Ashcroft v. Free Speech
Coal., 535 U.S. 234, 251 (2002) (explaining that "where the
speech is neither obscene nor the product of sexual abuse, it
does not fall outside the protection of the First Amendment,"
and creating a clear distinction between the treatment of actual
and virtual child pornography). Consequently, the United States
Code only criminalizes depictions that are either of actual
minors, see, e.g., 18 U.S.C. §§ 2252(a)(2), 2252A(a)(2), or
obscene, see, e.g., 18 U.S.C. § 1466A(a). While the definition
of "child pornography" also includes a visual depiction that "is
a digital image, computer image, or computer-generated image
that is, or is indistinguishable from, that of a minor engaging
in sexually explicit conduct," 18 U.S.C. § 2256(8)(B), it is
clear that the United States Code does not attempt to
criminalize non-obscene depictions of virtual minors because 18
U.S.C. § 2252A(c) provides an affirmative defense that the
depictions were of actual, adult persons or that no actual minor
was used in the production of the depictions. Our precedent
involving offenses charged as violations of clauses 1 or 2 of
Article 134, UCMJ, imposes no such limits. It is this fact,
combined with the sentence disparity, which causes the
constitutional problem discussed infra.

minors, there are directly analogous federal statutes, which authorize sentences well in excess of four months[3] for the distribution and receipt[4] specifications. See, e.g., 18 U.S.C. § 2252A(b)(1); see also Leonard, 64 M.J. at 384. But if the depictions were of virtual child pornography, or what appeared to be minors, the sentencing exposure for each specification was only four months. Beaty, 70 M.J. at 44–45.

This distinction raises the constitutional problem presented by the specifications and adjudged sentence but avoided by the majority. "[A]ny facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime." Alleyne v. United States, 133 S. Ct. 2151, 2160 (2013) (citation and internal quotation marks omitted). Consequently, given the widely disparate sentences occasioned by the status of the depictions, when charged as a violation of clause 1 or 2, Article 134, UCMJ, the

---

[3] While the parties agreed at the court-martial that the maximum punishment for the two specifications was thirty years, they appear to have relied on the maximum punishment discussed in Leonard, 64 M.J. at 384, rather than the amended statutes. See 18 U.S.C. §§ 2252(b)(1), 2252A(b)(1) (amended 2003).

[4] The majority ultimately treats Specification 1 as a possession offense, directly analogous to 18 U.S.C. § 2252A(a)(5), Finch, __ M.J. at __ (8–10), despite noting the additional "receive" language in the specification. Whether the specification is best characterized as a possession offense, with a maximum sentence of ten years of confinement, or a receipt offense, with a maximum sentence of twenty years of confinement, however, is largely unimportant here because the maximum sentence for either offense is far in excess of four months.

fact that the depictions were of actual minors "necessarily forms a constituent part of a new offense and must be submitted to the jury." Alleyne, 133 S. Ct. at 2162.

Even in the guilty plea context, where an accused waives his right to trial by members, United States v. Hansen, 59 M.J. 410, 411 (C.A.A.F. 2004), such elements must be included in the specification and shown to be understood by the accused as elements of the offense to which he is pleading guilty. United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969); see generally United States v. Ballan, 71 M.J. 28 (C.A.A.F. 2012).

One simply cannot rely on Leonard without considering the import of Beaty for this particular set of offenses. The issue here is not answered solely by reference to the language of the specification without consideration of the effects of our child pornography jurisprudence, particularly in light of the elements as defined during the providence inquiry. Leonard neither addresses nor purports to approach the legal landscape presented in this case, which is the result of permitting offenses under Article 134, UCMJ, that are not offenses under the United States Code, and of resort to "general guidance in the Manual for Courts-Martial in order to ascertain the maximum punishments available under military law for different forms of child pornography offenses." Finch, __ M.J. at __ (3-5) (Effron,

S.J., with whom Ryan, J., joined, dissenting); see also R.C.M. 1003(c)(1)(B).

No one questions that the "actual" status of the minors in the visual depictions at issue significantly increases the range of penalties to which Appellant was exposed, because such acts may be prosecuted under the United States Code, over the penalties allowed if the depictions were of "virtual" child pornography or what appeared to be minors, which generally may not be prosecuted under the United States Code. See Finch, __ M.J. at __ (8). Given these circumstances, we are simply not free to either disagree with or ignore the Supreme Court's directive as to how such facts must be treated. See, e.g., Alleyne, 133 S. Ct. at 2160, 2162.

Consequently, absent an allegation that the depictions were of "actual" minors, under the law at the time of his conduct Appellant could not be subject to the sentencing maximum for that offense. Id. Moreover, the military judge not only failed to render the error harmless by both explaining that the status of the minors was relevant to the offense and eliciting the Appellant's admission that the pornography was of actual minors, see Ballan, 71 M.J. at 35, he compounded the problem by telling Appellant that they did not have to be actual minors.[5]

---

[5] This fact raises serious questions as to the basis for the majority's conclusion that all parties involved were aware of

I respectfully dissent.

_____

Beaty, see Finch, __ M.J. at __ (12–13), since Beaty's holding on the maximum sentence for virtual child pornography was contrary to the agreed upon sentence for the elements of the specifications as described by the military judge during the providence inquiry.

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

EFFRON, Senior Judge, with whom RYAN, Judge, joins (dissenting):

The military judge in the present case erroneously informed Appellant that it made no difference whether the child pornography images at issue depicted actual or virtual children. In providing this erroneous information to Appellant, the military judge overlooked a critical difference in the penalty landscape at the time of Appellant's trial. At that time, the two offenses at issue carried a combined authorized punishment of thirty years of confinement for the distribution and possession of images involving actual children. United States v. Finch, __ M.J. __, __ (4 n.4) (C.A.A.F. 2014). By contrast, if the depictions consisted of virtual images, the combined authorized punishment at the time of Appellant's trial was only eight months of confinement. Id. at __ (8-9). The majority concludes that the erroneous statement by the military judge -- equating actual and virtual images -- constituted an insubstantial error under the circumstances of this case. For the reasons set forth below, I respectfully dissent.

The evolving treatment of actual and virtual images under military law

The federal criminal code treats child pornography offenses as serious crimes, punishable by lengthy periods of confinement. See 18 U.S.C. § 2252A (2012). Although the Uniform Code of

Military Justice (UCMJ) does not contain an article that expressly addresses child pornography, such offenses are prosecuted in courts-martial under Article 134, UCMJ, 10 U.S.C. § 934 (2012), which prohibits conduct that is prejudicial to good order and discipline, conduct that is service discrediting, and conduct that violates federal criminal statutes.

In United States v. James, 55 M.J. 297 (C.A.A.F. 2001), we upheld a court-martial conviction under a federal child pornography statute that prohibited the possession of child pornography regardless of whether the pornography depicted actual children or computer-generated images of "virtual" children. Our decision was consistent with the views expressed by a majority of other federal courts of appeals that had considered the issue at that time. See id. at 299-300. Subsequently, however, the Supreme Court held that the restrictions on pornographic materials involving actual children could not be applied to computer-generated simulations or images under the First Amendment. Ashcroft v. Free Speech Coal., 535 U.S. 234, 249-56 (2002).

In United States v. O'Connor, 58 M.J. 450, 454-55 (C.A.A.F. 2003), we recognized that the Supreme Court's decision established binding precedent with respect to application of the federal criminal statute, but we left open the possibility that child pornography offenses involving virtual images could be

United States v. Finch, Nos. 13-0353/AF & 13-5007/AF

prosecuted under other provisions of military law. In United States v. Mason, 60 M.J. 15, 20 (C.A.A.F. 2004), we held that under military law, the receipt or possession of virtual child pornography, as well as actual child pornography, could constitute conduct prejudicial to good order and discipline or service discrediting conduct under the first and second clauses of Article 134, UCMJ, depending on the facts of the case.

The evolving contours of the penalty landscape

During the eight-year period that followed our 2004 decision in Mason, including the period of time covered by the trial in the present appeal, the President did not exercise the authority provided by Article 56, UCMJ, 10 U.S.C. § 856 (2012), to establish maximum punishments for specific forms of child pornography offenses. In the absence of express attention under Article 56, UCMJ, military judges and the appellate courts were required to apply general guidance in the Manual for Courts-Martial in order to ascertain the maximum punishments available under military law for different forms of child pornography offenses. See Rule for Courts-Martial (R.C.M.) 1003(c)(1)(B); United States v. Leonard, 64 M.J. 381, 383-84 (C.A.A.F. 2007) (concluding that R.C.M. 1003(c)(1)(B)(ii) authorized confinement for up to fifteen years in a case involving receipt of actual child pornography); Finch, __ M.J. at __ (4 n.4) (noting the current authority for confinement of up to twenty years for

3

distribution of actual images and confinement of up to ten years for receipt of actual images); United States v. Beaty, 70 M.J. 39, 44-45 (C.A.A.F. 2011) (concluding that the rule authorized a maximum punishment of four months of confinement and associated penalties in a case involving virtual child pornography).

Subsequent to Appellant's trial -- and subsequent to Mason, Leonard, and Beaty -- the Manual for Courts-Martial was amended to address expressly actual images and virtual images (i.e., images of "what appear[] to be minors," Beaty, 70 M.J. at 40, 43). See Manual for Courts-Martial, United States Analysis of the Punitive Articles app. 23 at A23-22 (2012 ed.) (MCM). Under the amended version of the Manual, which is now in effect, actual and virtual images are treated as the same for punishment purposes. MCM pt. IV, para. 68b.c.(1). Offenses such as possessing, receiving, and viewing child pornography are subject to a maximum of ten years of confinement per offense, regardless of whether the images are of actual children or images of virtual children. Id. at para. 68b.e.(1). Periods of greater confinement are authorized for offenses involving aggravating circumstances: fifteen years for possession with intent to distribute, twenty years for distribution; and thirty years for production. Id. at paras. 68b.e.(2)-(4). The new rules, which equate actual and virtual child pornography, reflect the reality of modern imaging technology. Persons with only modest skills

4

can produce virtual images that, from the perspective of the viewer, are infused with such vitality that they "appear to be" real.

But Appellant was not tried under the new rules. At the time he was tried, the offenses involving actual and virtual images were not equated. Instead, the penalty landscape presented vast differences in authorized punishments on the two specifications involving child pornography offenses. At the time of Appellant's trial, the two offenses at issue carried an authorized punishment of thirty years of confinement for the distribution and possession of actual images, but only eight months of confinement for images involving virtual depictions.

Consideration of the relationship between actual and virtual images during Appellant's trial

Given the vast disparity in the consequences associated with the offenses under the law in effect at that time, it was incumbent upon the military judge to engage in a plea colloquy that accurately informed Appellant of the nature of the offenses and the penalty landscape. See R.C.M. 910(c)(1). In this case, the military judge erroneously told Appellant that it would make no difference whether the images were actual or virtual. Finch, __ M.J. at __ (5). In so doing, he left Appellant with the misleading impression that there was no legal difference between actual and virtual images when, in fact, the difference was

dramatic.  At no point did the military judge provide any information to Appellant to rectify this error.

An error by the military judge in misadvising an accused on matters affecting the maximum sentence does not necessarily amount to the type of substantial misunderstanding that will invalidate a plea.  See, e.g., United States v. Walker, 34 M.J. 264, 266 (C.M.A. 1992).  The analysis is contextual.  Id.

The majority concludes that there was no substantial misunderstanding, viewing the record as demonstrating a context in which all present understood that the case involved images of actual children.  In support of this proposition, the majority cites defense counsel's agreement with the military judge that the maximum punishment was thirty years.  Finch, __ M.J. at __ (12-13).  Defense counsel, however, did not object to or correct the military judge and did not offer any views as to the considerable differences between actual and virtual images.  To the extent that the exchange between the defense counsel and the military judge proves anything, it merely demonstrates that the defense counsel and the military judge shared the same misunderstanding of the relationship between actual and virtual images -- a matter involving a vast difference in the penalty landscape and that was never explained on the record to Appellant.

The majority also cites the use of phrases in the plea colloquy such as "person," "child," "underage," "individuals . . . [whose] bodies were not developed," and "minors engaging in sexually explicit conduct" as demonstrating an understanding by the military judge and Appellant that the colloquy involved actual rather than virtual images. Id. at __ (13-14). The military judge's own words refute the majority's theory. He expressly used the words "persons" in describing virtual pornography when he erroneously equated actual and virtual images by referring to "visual depictions containing sexually explicit images of persons indistinguishable from minor children, whether actual or virtual." Id. at __ (5) (emphasis added).

In that context, where the military judge expressly advised Appellant that virtual images constituted depictions of "persons indistinguishable from minor children," nothing in Appellant's use of similar words would provide a basis for concluding that Appellant was referring only to actual children. Id. Given the graphic reality that can be achieved in the production of virtual images, the fact that participants in a plea colloquy used such language does not demonstrate that they were referring to actual or virtual images.

The current Manual for Courts-Martial repeatedly uses similar words to describe both actual and virtual images. See,

7

e.g., MCM pt. IV, para. 68b.c.(1) (defining child pornography as the "visual depiction of a minor engaging in sexually explicit conduct"); id. at para. 68b.c.(4) (defining a minor as a "person under the age of 18 years"); id. at para. 68b.c.(7) (defining various forms of sexually explicit conduct as occurring "between persons of the same or opposite sex" or involving "lascivious exhibition of the genitals or pubic area of any person").

The amended Manual does not govern the case before us, but the use of such language in the current Manual to describe both actual and virtual images -- like the use of such words by the military judge at trial -- refutes the majority's view that the plain meaning of such words refers only to actual images. The Manual, in its routine use of words like "individuals" and "persons" to describe both actual and virtual images of sexual conduct, demonstrates that the plain meaning of these words can encompass both. The use of these words during the plea colloquy does not demonstrate either an express or implicit understanding by the military judge or Appellant that the images at issue in the present case only involved images of actual children.

The defective plea inquiry in this case involves a set of circumstances that would not affect a plea under current law. The plea inquiry in this case, however, demonstrates a substantial and uncorrected error by the military judge with respect to the law at the time of Appellant's trial, rendering

the plea improvident.  Under these circumstances, the Court

should set aside the findings and sentence, and remand the case

for a rehearing.